Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| David E. Carls; | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Law Office of Joe Pezzuto, L.L.C.; | (Jury Trial Demanded) |
| Defendant. | |

**INTRODUCTION**

1. Plaintiff brings this action for damages resulting from the illegal actions of Defendant. Defendant placed numerous automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

**JURISDICTION**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

3. Venue is proper in this District because the Defendant is found in this District, and the acts and transactions occurred in this District.

**PARTIES**

4. Plaintiff David E. Carls (hereinafter "Plaintiff") is a natural person residing in the City of Mesa, County of Maricopa, State of Arizona.

5. Defendant Law Office of Joe Pezzuto, LLC ("Pezzuto" or Defendant") is an Arizona limited liability company registered to conduct business in the State of Arizona.

6. Defendant is a law firm that continuously and systematically engages in the business of collecting debts within the state of Arizona.

7. Defendant has employees or agents residing in the Arizona who persistently utilized a robo caller to call the Plaintiff's cellular telephone, violating the Plaintiff's privacy rights afforded under federal law.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

8. The TCPA regulates, among other things, the use of automated telephone dialing systems.

9. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system as equipment having the capacity –

    (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B) to dial such numbers.

10. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an "automatic telephone dialing systems" ("ATDS") or an artificial or prerecorded voice to a cellular phone without prior express consent by

the person being called, unless the call is for emergency purposes.

11. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39), and a subscriber to cellular telephone services within the United States.

12. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated ATDS as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

13. The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted)

14. The Seventh Circuit has ruled that due to the Hobbs Act, the FCC Order cannot be challenged in the District Courts. *CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443 (7th Cir. Ill. 2010).

**FACTUAL ALLEGATIONS**

15. Within the past four years, Defendant has attempted to collect from Plaintiff a financial obligation that was primarily for personal, family

or household purposes, namely a defaulted credit card account which was sold or assigned to Defendant for collection purposes.

16. Within four years immediately preceding the filing of this lawsuit, Defendant and its employees or agents have repeatedly and willfully placed calls from Arizona to Plaintiff's personal cellular telephone numbers in an effort to collect this debt.

17. The "caller ID" on the Plaintiff's cellular phone indicated that the Defendant made the calls to Plaintiff from phone number located in Arizona.

18. Without Plaintiff's prior express consent, Defendant and its collectors and agents repeatedly used an ATDS to call Plaintiff's cellular telephone in an attempt to collect this debt, at least (16) times.

19. All calls and messages were sent in willful violation of the TCPA because Defendant never obtained the Plaintiff's prior express consent, and had no basis to believe that it had the Plaintiff's prior express consent.

20. Plaintiff has never given Defendant or its collectors express permission to call his cellular telephone number.

21. Defendant's repeated autodialed collection calls to Plaintiff's cellular telephones, within the last four years prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

22. Prior to the date of this complaint, Defendant had been sued one or more times for violations of the TCPA according to the PACER federal court docketing system.

**COUNT I**
**Violations of the Telephone Consumer Protection Act,**
**47 U.S.C. § 227,** *et seq.*

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Within the four year period immediately preceding this action, the Defendant made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

25. The acts and or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. Defendant did not have the necessary prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

27. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff.

28. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

29. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on his cellular telephones using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

**TRIAL BY JURY**

30. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant as follows:

a) for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

b) for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant and for Plaintiff;

c) for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant and for Plaintiff;

d) for an injunction prohibiting Defendant from contacting the Plaintiff on his cellular telephones using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a);

e) for costs; and

f) for such other and further relief as may be just and proper.

DATED  September 3, 2014  .

s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff